I recognize that this appeal, particularly the PSA record for the VA, is a very complicated factual excuse in the record. I think that there are some legal questions of interpretation in terms of the correct law that should have been applied by the Veterans Corps to facts of Mrs. Ranger's claims. Before you get into the merits, talk a bit about our jurisdiction. This appeal is from a decision in which portions have been remanded. Does that meet the finality rule? I think that, in any event, L can be good. That's correct. In that case, the court said where the veteran packages all of his appeals or his claims into one appeal, and the veterans court remands one or two of them, it shouldn't be inappropriate for the veteran to appeal to this court, and this court would have jurisdiction of the appealed claims. I noticed you didn't cite that case in your brief. I didn't realize it would be an issue at that point. That was my mistake. I apologize for that. I would also like to point out one other issue with regard to jurisdiction, but it was based upon this increased ratings claim, this purported increased ratings claim. That's the 1993 claim? 1991, 1992, 1993, yeah, that's right. But if this court agrees with Mrs. Ranger that the original claim is dependent, then that raises a serious legal question as to whether there could be an increased rating claim. So, you see what I'm saying? If the court were to find for Mrs. Ranger of the original claim, then I don't think there is an increased rating claim to remand. Is the test for whether we have jurisdiction, the test enunciated in Elkins, or is the test the Williams test? I think in this case the court should apply the Elkins test. The difference being what? Well, The Wilkins, there was an appeal of a decision remanding the issue, whereas here there are multiple issues, some of which have been remanded, some of which have been decided, and it's only the decided issues that are before us. That's right, but again, I reiterate that the so-called remanding issue may not be a real issue if the court finds that Mrs. Ranger's original claim is still pending. But to determine whether we have jurisdiction over the claim that was decided, not remanded, what is the test that you think is applicable? I think that it's whether, you know, whether a package to all of the claims is to what appeal, and the court Well, it's more than that, isn't it? It's whether those issues are inextricably intertwined or interrelated. I think so, but The question is are these issues, the issue before us with respect to the finality of the 1985 claim or the 1988 claims inextricably intertwined with or related to the claim that was remanded. All right, let me try to answer it this way. I think that if the original claim is still pending, I don't think she could have filed a claim for an increased right. I don't think that there is a claim for an increased right. Yeah, well, that gets into the merits and probably appropriate given the short time we have to get into the merits. The question is, it seems to me the argument is made that the original claim was a claim for service connection and a rating for schizophrenia. And then we have these 1988 claims that are characterized as increased ratings claims. So is it your position that these are two different claims? All right, let me explain my position here. Because they all relate to the same schizophrenia. That's right. They all relate to the schizophrenia, but in the 1988 so-called claims, they're based upon medical treatment at VA medical centers. And that medical evidence came into the VA original office, and then the VA characterized that evidence as claims for increased ratings. I mean, Ms. Rancher didn't say, I want to file a claim for increased ratings. So our position is that that evidence that came in in 1988, instead of being characterized as a claim for increased rating, should have been considered as evidence on her original pending claim. Because of the lack of finality. Because of the lack of finality, because she filed new material evidence within a one-year appeal period after two early rating decisions, and because she filed two letters in April 1988 that appeared to be notes of disagreements. Isn't there a difference between the original claim and the claim for an increased rating? It's like, if evidence is submitted in 1988 that is found insufficient to support an argument that a rating should be increased, that doesn't necessarily relate to or tell us anything as to the propriety of the decision that was made in the first place. Correct? I think it relates to the original claim. If you have evidence submitted within the one-year appeal period, it should be, I think it's required to be considered in connection with the original 1985 claim. I suppose if it relates to her condition in 1985, but what if it only relates to her condition in 1988? But I still, even if it does relate to her claim in 1988, I don't think that it's legally a claim for an increased rating until the original claim is finally decided. Alright, but I think that there are two basic theories that she has on her original claim. One is that in April 1988, she filed two letters to meet the definition of a notice of disagreement, and she filed... We would decide that by the council, right? Even under your position, we have to amend that. We agreed with you that arguably these letters were constituted, or could be said to constitute an allegation of notice of disagreement. Is that a fact-finding or a legal question? I think the question of whether those documents is a notice of disagreement is a legal question that this Court can make. Do you think that we can apply the law to the facts of this particular letter and make an assessment in the first instance of whether it's a notice of disagreement? Your Honor, I think that the question, I think the facts are undisputed here. I think the letter, the two letters say what they say, and there's really no debate about the contents of the letter. I mean, this Court is competent to decide that legal question of whether the letters meet the regulatory definitions. Isn't that application of law a fact? I don't think so. Our constitution in these cases is so narrow, as you all know. Right. And we can't review or make any kind of determination to find all the facts. Certainly we can make a legal determination, for example, interpreting a statute or regulation, but it just seems to me that looking at underlying letters, which no lower court ever looked at, and deciding whether they meet that legal, that sounds an awful lot like application of law to the facts of this case, which I don't know the reason it did. Right. But, Your Honor, even assuming it were, I think that in a few instances where this Court has considered undisputed facts and has concluded what the law is, this Court has said that that's really not an application of law to the facts because the facts are undisputed. And so it's just a legal conclusion. I think Grubbs, for example, in some other cases, Szemerai, I said they're fairly rare instances, but where the facts are undisputed and the law is clear, the Court said it's really not an application of law to the facts. It's just a legal question. Now, you've made an argument that the Veterans Court violated the Chenery Rule. It decided an appeal on an administrative record for a different reason. Can you just elaborate on that briefly? Okay, Your Honor. I'd be happy to. I'm in my remote here, so let me be brief. In the Board's decision in 2001, I think it's in page 101 of your appendix at the that the original claim was finally denied by the 1985 rating decision. Then in the Court's decision, the Veterans Court's decision, that Court said, no, that's really not quite right. The original claim wasn't finally denied because she submitted new material evidence within the appeal period. Then the Veterans Court went through the record and found these 1988 decisions and concluded that those 1988 decisions finally denied the original claim. Thank you. All right. Thank you, Mr. Cannon. May it please the Court. Todd Hughes for the government. Let me respond to the jurisdictional questions because— You anticipated my question. Well, in our briefs, we did agree that this Court has jurisdiction, and in preparing for this argument and looking further into the applications of the William criteria, I do think that there is a substantial question that we may have made a mistake in agreeing that the Court has jurisdiction. Well, we're not bound by William's section. Absolutely. We'll get jurisdiction on our own regardless of what you say. And that's why I'm bringing you up, Your Honor. I think that we do believe that the first two criteria is William's criteria. But is the Williams test the applicable test? Because in that case, as I noted earlier, that was an appeal from a remain. Whereas here, the issue, there were separate points. And the issue that's being appealed is not the portion that was remanded, but the portion that was decided. Well, I do think the Williams criteria is still the applicable test, although that inextricably intertwined test probably has some play here as well. But the issue that was remanded and the issue here on appeal are inextricably intertwined. It's a question of when Ms. Rancher's entitlement to 100% rating for her schizophrenia came into effect. Her argument on appeal is it goes all the way back to 1985. The issue remanded was whether it goes back to some point post-1988. I'm sorry to interrupt you, but is the issue before us what the effective date is? Is it the issue before us whether the 1988 decisions adjudicated the original claim? In other words, was the Veterans Court acting properly in making what appears to be its own factual conclusion that the 1988 decisions finally decided the original claim as opposed to adjudicating something separate? Well, the issue of whether the 1988 decisions are final or not is inextricably intertwined with the effective date. Ms. Rancher has to convince this court that the 1988 decisions weren't a final decision on her claim. So, yes, I think they are inextricably intertwined so that the court wouldn't have jurisdiction under the portion that, say, for instance, if you have a head injury claim and a leg injury claim, if one's remanded and one's appealed, we can see that the one appealed is separate enough that the court would have jurisdiction. This is all about the effective date for one condition and when it should be raised from 30% to 100%. And then, again, going back just briefly to the Williams criteria, it doesn't meet the third criteria, which is whether the issue would escape review after remand. Clearly, if she goes back to the board and to the RO, she gets some decision prior to the 1996 decision that the court vacated, but post-1988, she can still appeal that to the Veterans Court and then again to this court and get review of the very issue she's seeking here today. So why was this not more fully developed in the briefs? The Elkins case wasn't cited. The discussion of Williams is just a very summary, not even touching on the third point, which is really the most difficult question. Well, to be candid, Your Honor, it was a mistake. We did touch on the third point. I think we misapprehended what the third point was because we said that the proceedings before this court could move the remand. That isn't the test, however, on the third issue. The third issue is whether the proceedings below the moot issue. And that's a mistake we made, Your Honor, and I certainly apologize for that. But as I said, I do think there's a substantial question of whether this court possesses jurisdiction over this case now. Let me ask a question on the merits, and that is if you go to the Veterans Court decision at page 9, it says in the middle of the page, the record indicates that the RO issued new rating decisions on the appellant's initial claims in April, September, October, and December 1988. If you don't need a second to catch up with me. I'm sorry, Your Honor. It's the middle of page 9. The record indicates that the RO issued, et cetera. Where in the record is such an indication? Well, I think the record is a little confused here, Your Honor, to be candid about that as well. But the decisions I think that the court is referring to is at page 51 of the appendix, which is the September 1988 decision. Page 54 of the appendix, which is the November 1988 decision. And then page 61 of the appendix, which is the December 1988 rating appendix. The first and the third are the ones that are only really relevant. And is the first one in the appendix, the April decision? The April decision.  I couldn't find it. I'm sorry, I don't have it. Fifth page 51 is the September. So, number one, I can't find the April decision, so I don't know what that says. And on the other one, September, October, and December 1988, all of these relate to claims for increased rating. Is that different from her original claim? Or is it the same claim? It's the same claim. Her original statement and her original decision that she got back in 1985 was she was actually awarded service connection for schizophrenia and rated at 30%. All of her subsequent claims, whether you characterize them as appealing that 30% or seeking an increase, are all seeking to raise that 30% to 100%. But they all look to me like they were sort of prospective. In other words, in 1988, she requested on several occasions that there was a basis for some increase. That doesn't necessarily – I couldn't find anything that suggested that she was claiming that her condition right from the get-go in 1985 warranted that increase. It seemed like all along the way she kept saying, well, here's more evidence that shows at least now I'm entitled to an increase. That's correct, Your Honor. I think that's what the record does show, is that she has submitted from 1985 through – well, through the present, really, but for the relative period in this case, through 1988, multiple new doctor's examinations, reports from vocational rehabilitation specialists and the like, saying my condition has worsened to seek 100%. The veteran support language there may have been somewhat imprecise, but the ultimate conclusion that it reached here was that in 1988, the RO decided she was not entitled to more than 30% for her psychiatric condition. And that leaves us with the question of, well, what was she entitled to from 1985 to 1988? She argues that's still an open question. Again, there are multiple decisions throughout that time period that repeatedly established that she was only entitled to 30%. And, yes, she continued to submit additional evidence seeking that to be raised, whether you characterize that as challenging the original decision or seeking an increase. But throughout that period, the RO issued multiple decisions as well, maintaining that at 30%. So what's important for this case and for the merits issue is that the 1988 decisions finally established a 30% rating, and those weren't appealed within the years of file of NOT. But what if she, what if the Congress really doesn't at all address the allegation that they make, that two letters, one from the VA and one from the Congressmen constitute a notice of disagreement? So if they do constitute a notice of disagreement, then there is no finality because she had that decision. Why didn't you address that and how, I'm going to give you a chance now to do it and try and recover. Well, I think we didn't address it because the Veterans Court, first of all, didn't consider the notice of disagreement. It may not have explicitly decided that, but clearly if it had found it to be notice of disagreement, it would have reached a different conclusion as to the 1988 decision. Second, those documents on their face don't appear to meet the legal test for a notice of agreement. Now, this Court doesn't have jurisdiction to determine that because it's application of law at that, but in order to be a notice of disagreement, it has to identify a decision that it disagrees with and evidence and an intent to appeal that decision. The first letter, which is to a Congressman, doesn't qualify at all. The second one, which is stated to whom it may concern, But it goes to the VA. I don't think we've liberally construed it, but it still has to, even for pro se individuals, it still, under this Court's case law, it still has to identify a decision that it disagrees with and seek evidence of notice of intent to appeal that decision. And reading that document on its face, it evidences an intent to submit new evidence to seek an increase in the rating, which is what the VA treated it as when it issued its September and November and December 1988 decisions. The language in those alleged NODs, in the first paragraph of her document, I'm at page 40 of the appendix, says she wants to submit the following information on behalf of new evidence in supporting the decision to have the service-connected disability claim rating re-evaluated and increased to a higher percentage. It's a claim, terribly construed, it's a claim for an increase in the original rating. Again, this Court doesn't have the jurisdiction to determine whether it's an NOD or not, but just for background, it doesn't meet the legal test of an NOD. I'm curious, you said you don't have the jurisdiction. I understood his argument to be that there are no facts to dispute the letter says what the letter says, and the question of whether something constitutes an NOD is a question of law. We disagree with that, Your Honor. Even if the facts weren't in dispute, and I think we dispute whether this evidence has an intent to appeal a decision or not, application of law to undisputed facts with regard to an NOD is still application of law to facts. This Court doesn't get to determine whether a document legally complies with the requirements for an NOD. It does get to determine what the legal requirements are in the abstract, but this Court's already made that determination. But what if it was clear, based on the application in this case, that you were misapplying the law as to what constitutes an NOD? This is a very fine line that I think this Court has struggled with quite a bit over the years, which is when is something a legal determination, and when is something the application of law and fact, which were permitted to do under a jurisdictional statute. So what if, even though you didn't make a pronouncement that articulated a new legal standard, in fact there is a per se new legal standard and you say it clearly through the application, then would we be permitted to reach that? If the lower court's decision, through its application, articulated, at least implicitly, a standard that was inconsistent with the statute of regulation and the like, yes, the court could. But there's no dispute here between the parties about what the requirements are for an NOD. You have to identify a decision, you have to evidence a desire to appeal that decision. That's the legal standard. This Court's already determined that. But why, the Veterans Court simply didn't address any of this. Why not remand it to have their take on it then? Or to have them remand it to the Board to get their take on it? Why, you all didn't address it in your brief. The Veterans Court didn't address this issue. This issue was presented throughout, and yet nobody has ever made mention of it at any point. Well, the Veterans Court may not have explicitly addressed it, but there's no error in the Veterans Court's decision, because they implicitly understood this to be a claim for increase, which was denied by the November 88... They implicitly understood it to be a claim for increase, but doesn't that get in the Chenery problem? I mean, it just seems to me that there's quite a bit missing from this decision, and quite a bit, maybe more than they should have done. So, why don't you speak for a minute while you have the time on the Chenery issue, which I think all of you will be concerned about. Well, there's no Chenery problem here. The Chenery problem is when the Veterans Court steps into the role of the Board or the agency and makes factual findings worthy of light to support a conclusion that wasn't reached by the agency. Here, all the Court is doing is looking at the factual determinations made by the RO that established a 30% rating in these decisions, and determining the legal effect of those decisions, because no NOD was filed within a year of those decisions. But is there a question as to whether the Veterans Court did precisely that when it concluded that the record indicates that the rating decisions on the initial claim were made in April, September, October, and December, when there's a question as to whether those were decisions on the initial claim or decisions on separately filed claims for increases? Well, again, Your Honor, I really don't think it much matters whether you determine this an initial claim or a claim for increase, because they're both the same thing. She got a 30%. She was throughout trying to raise that to 100% by submission to new evidence and the like. And so the RO's decision consistently denied that up until the later date when it was eventually raised to 100%. But isn't it more appropriate for – let me back up a bit. Did the government argue before the Veterans Court that these 88 decisions were rating decisions on the initial claim? I'm not sure exactly what our position was. Our position was that they were final decisions on her entitlement to a rating higher than 30%. And because they weren't appealed within a year, they were final. Wouldn't the normal approach have been for the Veterans Court to say, well, the board clearly overlooked the effect of the vocational rehab report, and therefore there is the question of whether the original decision remained open, and then there's some question as to whether the 1988 decisions finally decided the issue. But we can't tell on this record. We'll send it back. Because the record is less than clear throughout. My time's expired if I can just say it briefly. Please. I think clearly the better thing for the Veterans Court to do would have been to further explain its reasoning. Better reasoning is always better for the reviewing court. Would there be any harm in us then remanding it back to say, well, give us the reasoning? Yes, Your Honor, because I think that the Veterans Court reached the correct legal decision, which was the series of late 1988 decisions were a final decision on her entitlement to an addition, a rating increase over 30 percent. And because this became final, she has no right to seek a higher rating prior to those 1988 decisions as a matter of law. Thank you, Your Honor. Mr. Cameron, you have four minutes or so remaining. Thank you. First, Your Honor, I'd like to address this general question. Why wouldn't the 1988 ruling be final? Why should it be final? Why is it not final? You say it's not. Why isn't it? The 1988 ruling is not final. One, because she filed a notice of disagreement. What is the notice of disagreement? It's her 2 April 1988 letter. A letter to a congressman is not a notice of disagreement, is it? If it's final to be a, it would be. A letter to a congressman is not a letter of disagreement, is it? Well, in any event, the second letter, the April 19 letter, was filed with the VA. In that letter, she refers to the, she says, even though I'm rated only 30 percent. So she refers to that rating decision. And then she said, I'm entitled to a higher percentage or at least 80 percent higher. So I think she disagrees. She identified the rating decision, and she disagreed with it. And then secondly, the second theory that it's not final is because within the original, within the appeal period of the original decision, she filed new material evidence. And that has never been addressed. Does the new material evidence go to whether she was schizophrenic and entitled to 100 percent disability in 1985? Or does it go to, okay, I may not have been entitled to it in 1985, but I am entitled to it now. Here is the proof. No, Your Honor, I think it goes to the entire period. I think that if you look at a case like Jennings, Jennings says that in the case of a claim to reopen, not an increased rating, but a claim to reopen a prior claim, any evidence or filings that are submitted during that appeal period must be considered within the original, in connection with the original claim. And so that evidence, whenever it's submitted, it's submitted in the appeal period. Or if she's filed another disagreement and it's submitted before the board decision, then it has to be considered in connection with the original claim. Essentially, you said that in Jackson. Well, how is it filed during the original appeal period? Does that argument rest on us having to agree with you that you filed a notice of disagreement? Because if you want to characterize the subsequent claims as new claims, then you haven't actually preserved the 1985 claim. So how exactly do I get there? Do I have to find that this letter to the VA constitutes a notice of disagreement in order to even entertain this argument? No. The two-faceted theory. A theory originally is that she's got an original claim pending and that these so-called increased ratings claims were not increased ratings claims. They were filings or evidence that should have been considered by the VA in connection with her original claim. And the reason for that is because she filed new material evidence within the appeal period of the original rating decision and because she filed one or two notices of disagreements in April 1998 and has never received a statement of case on that issue. So the original claim is still pending. Now, we point out that she filed that in 1985 and it took until 2001 to get a board decision that she could even appeal to the courts. And, you know, we appealed that in 2002 and it's now 2008. So, I mean, it's getting old. Do you have any other questions or comments? Okay. All right. Thank you very much. I appreciate your patience.